**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 8, 2021

Quame Herd
Register No. 71477-050
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, NJ, 08640
*Pro Se*

Elaine K. Lou, Esq.
Office of the United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:**   ***United States v. Quame Herd***
**Criminal Action No. 18-596 (SDW)**

Litigants:

Before this Court are Defendant Quame Herd's ("Defendant") Motion to Correct Sentence pursuant to Rule 35(a) ("Rule 35 Motion") and Motion for Modification of Sentence pursuant to the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(2) ("Section 3582 Motion"). (D.E. 31, 35.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motions.

## DISCUSSION

A.

On October 4, 2018, Defendant pleaded guilty to a one-count information which charged him with Distribution and Possession with Intent to Distribute 1 kilogram or more of a mixture containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). (D.E. 35; D.E. 19.) Prior to sentencing, the United States Probation Office drafted a Presentence Investigation Report ("PSR"). (*See* D.E. 24.)

The PSR applied the 2018 Guidelines Manual, incorporated all guideline amendments ("Amendments"), and used those directives to calculate Defendant's offense level. (*See id.* at ¶ 52.) The PSR noted that, pursuant to United States Sentencing Guideline § 2D1.1, the base offense level for a violation of 21 U.S.C. Section 841 under the controlling guidelines was twelve.[1] (*Id.* at ¶ 53.) Next, the PSR discussed Defendant's prior felony convictions for controlled substance offenses. (*Id.* at ¶ 59.) Due to these prior convictions, Defendant was classifiable as a career offender, which raised his offense level to thirty-two.[2] (*Id.*) Because Defendant accepted responsibility for his crimes and cooperated with law enforcement, Defendant's offense level was reduced three levels. (*Id.* at ¶¶ 60-62.) This left Defendant with a total offense level of twenty-nine. (*Id.*) Separately, the PSR calculated Defendant's criminal history score, which totaled to seventeen. (*Id.* ¶¶ 73-75.) Under both the criminal history score and the career offender classification, Defendant's criminal history category was VI. (*Id.*) Given Defendant's total offense level of 29 and a criminal history category of VI, the Guideline Imprisonment Range was 151 to 188 months.

On February 19, 2019, after reviewing the PSR, hearing argument from counsel, and hearing testimony from Defendant and his family, this Court sentenced Defendant to the low end of the Guideline Imprisonment Range, with a 151-month term of imprisonment. (D.E. 25; D.E. 26; D.E. 29.) On February 28, 2019, Defendant filed a Notice of Appeal with the Third Circuit Court of Appeals challenging his sentence. (D.E. 27.) Defendant is currently serving his sentence at the Federal Correctional Institution at Fort Dix ("FCI Fort Dix") in New Jersey. (*See* D.E 35.)

On March 11, 2019, this Court received Defendant's *pro se* Rule 35 Motion, which he titled a motion for "Sentence Correction Pursuant to Rule 35(a)."[3] (D.E. 31.) In this motion, Defendant argued that his sentence was "erroneous[]," because the FSA changed the definition of "serious drug felony," as described in the Armed Career Criminal Act ("ACCA"), Section 924(e)(2). (*See id.* at 1) Defendant also argued that the convictions used in the PSR as his predicate offenses, which resulted in him being sentenced as a career offender, "simply d[id] not meet the criteria or definition" of a "serious drug felony." (*Id.* at 1-2.) Defendant states that these convictions should have been counted as one "grouped" conviction, rather than as individual convictions, pursuant to United States Sentencing Guidelines, Section 4A1.2(a)(2)(B). (*Id.* at 1.)

On December 30, 2019, Defendant submitted his *pro se* Section 3582 Motion, which he titled a motion for "Reduction of Sentence Pursuant to 18.U.S.C. Section 3582(c)(2)." (D.E. 35.)

---

[1] The maximum term of imprisonment under Sections 841(a)(1) and (b)(1)(C) is 20 years.

[2] The PSR notes that "[t]he parties do not agree as to whether Herd qualifies as a career offender for purposes of U.S.S.G. § 4B1.1." (PSR ¶ 45(2).) The PSR states that Defendant was a career offender because: "(1) he was at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is a controlled substance offense; and (3) he has at least two prior felony convictions of a controlled substance offense or a crime of violence." (*Id.*) Then, at Defendant's sentencing, defense counsel repeatedly acknowledged that Defendant was a career offender, "because he does have numerous state convictions for the same type of offenses." (D.E. 29, 4:24-5:1; *see also id.* at 5:24-6:2 (Defendant "does have a prior criminal history that includes three or four prior state convictions for predicate offenses, so he does qualify as a career offender under the federal code."); 7:9-10 (stating that the prosecutor "is going to ask [this Court] to sentence [Defendant] as a career offender, and they have every right to do that."); 13:9-15).)

[3] The motion itself is dated February 20, 2019. (*Id.*)

2

The Section 3582 Motion similarly argues that Defendant's convictions should have been grouped in order to reduce his Criminal History Category and suggests that this Court used an improperly high Guideline Imprisonment Range for his crimes. (*Id.* at 1-2.) Defendant also seems to suggest that the sentence for his crime was subsequently lowered by the Sentencing Commission or was otherwise impacted by various Amendments to the United States Sentencing Guide. (*Id.*)

On January 27, 2020, the Court of Appeals for the Third Circuit affirmed Defendant's sentence.[4] (D.E. 36.) That same day, the Government replied in opposition to Defendant's two pending post-conviction motions. (D.E. 37.) The Government's opposition stated that the FSA did not "change the definition of what qualifies as a prior felony conviction for a controlled substance offense under U.S.S.G. § 4B1.2." (*Id.*) Further, the Government's brief notes that "[e]very Guidelines amendment [Defendant] cites was in effect when the Pre-Sentence Report was prepared," such that Defendant "received any applicable benefit at the time of sentencing." (*Id.*)

## B. Rule 35 Motion

Turning to Petitioner's first post-conviction motion, at this stage of the proceedings this Court has no jurisdiction under Federal Rule of Criminal Procedure ("Rule") 35. Pursuant to Rule 35, a party may move for a reduction of sentence to correct "arithmetical, technical, or other clear error." *United States v. Higgs*, 504 F.3d at 457, 458 (3d Cir. 2007). The provision is a narrow one: the District Court is authorized to correct its sentence within "fourteen days of orally announcing the judgment." *United States v. James*, 639 F. App'x 834, 836 (3d Cir. 2016*)*; *United States v. Telfair*, Crim. No. 08-757, 2019 WL 4200440, at *2 (D.N.J. Sept. 4, 2019). More than fourteen days have passed since Defendant's sentencing. *See James*, 639 F. App'x at 836 (collecting cases where district court lacked jurisdiction to vacate defendant's sentence after the Rule 35(a) time limit expired). This time limit "is a strict jurisdictional requirement," *id.* at 836, and "a district court lacks authority to act under the Rule outside this period," *United States v. Miller*, 594 F.3d 172, 182 (3d Cir. 2010). Rule 45(b)(2) further provides that the Court "may not extend the time to take action under Rule 35." Fed. R. Crim. P. 45.

If this Court were to consider the merits of Defendant's Rule 35 Motion, nothing within it suggests a non-frivolous basis for overturning or reducing Defendant's sentence based on "clear error." (D.E. 31.) Defendant's arguments rest on the FSA, and the changes it wrought on the definition of "serious drug felony," as described in the ACCA. *See* 18 U.S.C. § 3582; 18 U.S.C. § 924(e). Defendant, however, was not convicted of a weapons charge and was not given a sentence enhancement under the ACCA. (*See* PSR.) Instead, Defendant received a Career Offender classification as articulated in the United States Sentencing Guidelines. *See* U.S.S.G. § 4B1.1. As noted by the Government, the FSA did not "change the definition of what qualifies as a prior felony conviction for a controlled substance offense" under the United States Sentencing Guidelines. (D.E. 37.) Therefore, Defendant's Rule 35 Motion is meritless.

---

[4] In that affirmance, the Third Circuit noted that Defendant's sentence "was at the bottom of the advisory range," and that although Defendant's criminal history consisted of "exclusively … minor drug offenses," he had failed to demonstrate that this Court's sentence was "substantively unreasonable." (D.E. 37-1 at 2-3.) The opinion continued, stating that "the nature of the offense, Herd's extensive criminal history, his likelihood of recidivism, the interest in protecting society from future crimes, and the value of deterring criminal conduct … all prevent [Defendant] from meeting that heavy burden." (*Id.* at 3.)

C.  Section 3582 Motion

Defendant's Section 3582 Motion lacks merit for similar reasons.  Section 3582(c)(2) allows this Court limited jurisdiction to reduce a criminal defendant's sentence based on a retroactive change to the United States Sentencing Guidelines.  *See* 18 U.S.C. § 3582(c)(2).  A party may move for a reduction of sentence pursuant to Section 3582(c) if: (1) the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and (2) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *United States v. Spruill*, 774 F. App'x 92, 93 (3d Cir. 2019) (quoting 18 U.S.C. § 3582(c)(2)); *United States v. McBride*, 283 F.3d 612, 614 (3d Cir. 2002).  Defendant's sentence does not fall within these bounds.

Defendant also seems to suggest that Amendments 591, 599, and 742 provide a basis for reducing his sentence.  (*See, e.g.*, D.E. 35 at 1.)  These arguments can be disposed of with little discussion, as each Amendment was in place and (if relevant) considered at the time of Defendant's sentencing.[5]  Beyond this, Defendant's Rule 3582 Motion merely repeats arguments suggesting that this Court erred in applying the relevant United States Sentencing Guidelines and reiterates circumstantial factors that were already considered at Defendant's sentencing hearing.  At bottom, this Court may use its discretion to impose a sentence which reflects the relevant sentencing factors and falls within the proper Guideline Imprisonment Range.  It properly did so here.

---

[5] Amendment 591 was effective as of November 1, 2000, and it "reflects a change from the permissive to the mandatory." *United States v. Hines*, Crim. No. 99-543, 2007 WL 1751751, at *3 (E.D. Pa. June 18, 2007); *United States v. Diaz*, 245 F.3d 294, 301 (3d Cir. 2001). Amendment 591 applies only if (1) the sentencing judge, if viewed through amended standards, improperly selected the incorrect applicable offense guideline section or Defendant's conviction; and (2) under Amendment 591, Defendant would have been subject to a shorter guideline range. *See United States v. Swint*, 251 F. App'x 765, 767 (3d Cir. 2007). Therefore, it "requires only that the sentencing court determine the base offense level with reference to the offense of conviction." *United States v. Blount*, 2007 WL 1655651, *2 (3d Cir. 2007). Amendment 591 offers Defendant no relief, because the Court selected the proper Guideline section listed in Appendix A (§ 2D1.1) when sentencing Defendant. (*See* PSR; D.E. 29)  Thus, the Amendment does not create a retroactive change that is applicable to Defendant's case.

Amendments 599 and 742 are similarly inapposite. Amendment 599 (which was also effective as of November 1, 2000) addresses sentencing for violations of 18 U.S.C. § 924(c), which refers to criminal offenses and statutory penalties for possessing, brandishing, and discharging various firearms in relation to or during a crime of violence or a drug trafficking crime. *United States v. Reaves*, Crim. No. 91-00570-09, 2014 WL 2915892, at *3 (E.D. Pa. June 27, 2014); *United States v. Willis*, 467 F. App'x 111, 112 (3d Cir. 2012) (defendant could not "obtain relief under § 3582(c) … [because] it is clear from the pre-sentence report that Willis never received a firearms enhancement …."); *see* 18 U.S.C. § 924(c)(1)(D). No weapon enhancements were applied to Defendant. *See United States v. Knobloch*, 131 F.3d 366, 373 (3d Cir.1997); *United States v. Reaves*, Crim. No. 91-00570-09, 2014 WL 2915892, at *3 (E.D. Pa. June 27, 2014).

Amendment 742 (which was effective as of November 10, 2010) eliminated from the criminal history scoring process one or two points that had been awarded when the offense of conviction was committed within two years of release from imprisonment on a prior conviction. *United States v. Edwards*, 439 F. App'x 112, 117 (3d Cir. 2011); *United States v. Wayne*, 516 F. App'x 135, 137 (3d Cir. 2013). No such recency points were added to Defendant's sentencing guideline score. (*See* PSR.)

During Defendant's sentencing hearing, this Court provided an adequate basis for Defendant's sentence: first hearing argument from Defendant's counsel, which presented Defendant's street-level dealing as a mitigating factor, but ultimately concluding that Defendant's worrisome recidivism required a 151-month sentence.[6]   (D.E. 29 at 22:19-23.)  Before making that decision, this Court also heard testimony from Defendant's mother and read and considered the PSR.  (D.E. 29.)  Any relevant and applicable Amendments were properly accounted for in Defendant's sentence.  (*See* PSR.)  As previously noted, Defendant's criminal history placed him in a criminal history category of six, and this Court chose to issue a sentence within the sentencing guidelines, but at the lowest end of that range.[7]  All proper considerations were given to Defendant's arguments regarding treatment of his prior convictions at the time of sentencing. Defendant does not raise new facts that were not before this Court at that time.  This Court's conclusions regarding Defendant's arguments were either affirmed by the Third Circuit in January 2020 or were not raised on appeal.  (D.E. 36; D.E. 37.)  Thus, Defendant's post-conviction motions do not assert a reasonable or meritorious basis for relief.[8]

The Motions raise no issues to suggest that this Court has the jurisdiction to adjust Defendant's sentence, or that his sentence is incorrect.  Therefore, Defendant has stated no claims that merit relief.  Accordingly, the Court denies Defendant's Motions.

## CONCLUSION

For the foregoing reasons, Defendant's Rule 35 Motion and Section 3582 Motion are **DENIED**.  An appropriate order follows.

_____/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

[6] It warrants noting that prior to pleading guilty to the charges in this case, Defendant had accumulated at least four prior qualifying convictions for similar possession or distribution offenses.  (*See, e.g.*, D.E. 29 at 18:7-13.)

[7] As a result, even if Defendant's criminal history category had been a category five, or a category four, Defendant's low sentence would have also likely fallen within the applicable Guideline Imprisonment Ranges for those categories.

[8] Defendant also takes issue with the grouping of his prior state convictions.  (*See* D.E. 31; D.E. 35.)  Defendant argues that the "probation agency … should have grouped together Defendant's 03/04/09 and 10/29/09" state convictions for distributing on or within 1,000 feet of a school property (D.E. 35 at 13), and Defendant's "03/02/12 and 07/09/11" state convictions for possession, distribution, manufacture, or dispensing of a controlled dangerous substance (D.E. 35 at 11).  As a result, Defendant argues that his criminal history category was too high, placing him in a higher-than-necessary Guideline Imprisonment Range.  Defendant suggests his sentence should have been within a 70-to-87 month Guideline Imprisonment Range.  (D.E. 35 at 20.)

Defendant's arguments are without merit.  Grouping Defendant's prior convictions as he requests would be antithetical to the Sentencing Guidelines, which provide for grouping of counts "to prevent multiple punishment for substantially identical offense conduct, while still ensuring incremental punishment for significant additional criminal conduct." *United States v. Bush*, 56 F.3d 536, 538 (3d Cir.1995) (internal quotations marks omitted).  Here, Defendant committed separate crimes, on separate dates—sometimes years apart—with separate victims.  *See United States v. Bigica*, 543 F. App'x 239, 242–43 (3d Cir. 2013).  Thus, his convictions were properly considered as individual crimes.