<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES, | Criminal Action No. 18-00596 (SDW) |
| v. | **OPINION** |
| QUAME HERD, | |
| Defendant. | June 11, 2021 |

**THIS MATTER** having come before this Court upon Defendant Quame Herd's ("Defendant") filing of a Motion to Compel ("Motion") (D.E. 44), and this Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's Motion; and

**WHEREAS** on February 9, 2021, Defendant filed his *pro se* Motion requesting broad discovery into "his case file including but not limited to any email, text message, search warrant, search warrant affidavit and FBI 302's" in Michael Pappa, his former counsel, or Elaine K. Lou's possession. (D.E. 44 at 1.) On April 29, 2021, Defendant filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255, which was docketed at No. 21-10482 ("Section 2255 Case"). On May 28, 2021, the Government opposed, arguing that (1) the motion is moot; (2) Defendant has not shown good cause to justify the requested discovery; and (3) Defendant can obtain much of the requested information directly from Mr. Pappa. (D.E. 45 at 1); and

**WHEREAS** Defendant's Motion asserts that the reason for his discovery request was to "file a complete 28 U.S.C. § 2255 brief." (D.E. 44 at 1.) The doctrine of mootness "is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court

from being able to grant the requested relief, the case must be dismissed as moot.'" *Cty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)). As noted by the Government, Defendant has since filed his petition in his Section 2255 Case. (D.E. 45 at 2.) Thus, it seems that Defendant no longer needs the requested documents for the Motion's stated purpose, and, to the extent that the documents are still necessary for discovery in his civil case, he has the ability to refile under the appropriate Section 2255 docket number, (Civ. No. 21-10482), with an updated explanation for his continuing need for the documents. Because Defendant's Motion is moot, it will be dismissed without prejudice; and

**WHEREAS** the Motion also vacillates between stating that Defendant is asking for Mr. Pappa and Ms. Lou to "turn over the entire case file," and stating that he "did not ask for his entire case file [to] which he is entitled … but only asked for specific documents." (D.E. 44 at 1-2.) None of these specific documents are listed. Therefore, it is impossible to tell whether Defendant has appropriately limited the scope of his request. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Should Defendant decide to refile under the Section 2255 Case number, it would likely be necessary to resolve the Motion's failings on this front.

Accordingly, for the reasons set forth above, Defendant's Motion (D.E. 44) is **DISMISSED** without prejudice. An appropriate order follows.

　/s/ Susan D. Wigenton　  
**United States District Judge**

Orig:　Clerk  
cc:　　Parties