<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 18-596 (SDW) |
| v. | **OPINION** |
| QUAME HERD, | |
| Defendant. | July 15, 2025 |

**WIGENTON**, District Judge.

Before this Court is *pro se*[1] Defendant Quame Herd's motion for compassionate release under the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A), and for appointment of counsel. (D.E. 49 ("Mot.").) This Court having considered the parties' submissions, and for the reasons stated herein, Defendant's Motion is **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

The parties are presumed to be familiar with this case and may refer to this Court's January 8, 2021 letter opinion denying Defendant's motions to correct and modify his sentence (D.E. 42) for a more detailed summary of the factual background.[2] On October 4, 2018, Defendant entered a guilty plea before this Court to an Information charging him with knowingly and intentionally distributing and possessing with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1)

---

[1] Defendant was represented by counsel in this matter during his guilty plea, sentencing, and appeal. D.E. 21; D.E. 25; Appellant's Br., *United States v. Herd*, 2019 WL 4137907 (3d Cir. Aug. 26, 2019).

[2] The parties may also refer to this Court's April 14, 2022 and November 1, 2022 opinions denying Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, *Herd v. United States*, Civ. No. 21-10482, 2022 WL 1115280 (D.N.J. Apr. 14, 2022); *Herd v. United States*, Civ. No. 21-10482, 2022 WL 16631265 (D.N.J. Nov. 1, 2022).

1

and (b)(1)(C). (D.E. 21; D.E. 23.) At sentencing, this Court adopted the guideline calculations in the Pre-Sentence Report ("PSR") and found that Defendant was a career offender based upon his prior controlled substance offenses. *Herd*, 2022 WL 1115280, at \*2; D.E. 49-2 at 5–7. Premised upon the need to protect the public, provide just punishment, deter other offenses, and avoid unwarranted federal sentencing disparities, this Court sentenced Defendant to a 151-month term of imprisonment, at the bottom of the guideline range. *Herd*, 2022 WL 1115280, at \*2; D.E. 26.

On February 28, 2019, Defendant filed a notice of appeal. (D.E. 27.) The Third Circuit affirmed Defendant's sentence, holding that "[t]he nature of the offense, [Defendant]'s extensive criminal history, his likelihood of recidivism, the interest in protecting society from future crimes, and the value of deterring criminal conduct … all prevent [Defendant] from meeting [his] heavy burden" on appeal. (D.E. 36, D.E. 38-2 at 3.) Defendant also filed a motion in this Court to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255, which was denied. *Herd*, 2022 WL 1115280; *Herd*, 2022 WL 16631265. Finally, Defendant sought a certificate of appealability from the Third Circuit regarding that denial, and that request was denied on March 14, 2023. *Herd v. United States*, No. 22-3198, 2023 WL 3568167 (3d Cir. Mar. 14, 2023). On April 25, 2024, Defendant filed the present motion for compassionate release and appointment of counsel. (Mot.) The government opposed on July 19, 2024.[3] (Opp.)

## II.     LEGAL STANDARD

### A.  Compassionate Release

Although a district court generally has limited ability to modify a federally imposed sentence once it commences, *Dillon v. United States*, 560 U.S. 817, 824 (2010), the FSA permits

---

[3] Defendant also requested an extension of time to file a reply brief on July 28, 2024. (D.E. 52.) This Court is not required to consider a reply brief in connection with a motion for compassionate release. *See United States v. Burney*, Crim. No. 18-606, 2021 WL 4963253, at \*3 (D.N.J. Oct. 25, 2021).

district courts to grant compassionate release when there exist "extraordinary and compelling reasons" to commute a sentence, 18 U.S.C. § 3582(c)(1)(A)(i).  Under the FSA, a defendant seeking compassionate release has the burden to show: (1) that he has satisfied the procedural prerequisites for judicial review and (2) the compelling and extraordinary reasons justifying release.  *United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020).  After finding that those showings have been made, a court may reduce a sentence if doing so is "'consistent with applicable policy statements issued by the Sentencing Commission'; and … supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable."  *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

When determining whether a defendant's reasons are extraordinary and compelling, district courts may consider the statutory "text, dictionary definitions, and the policy statement" to "give shape to the otherwise amorphous phrase."  *Id.* at 260.  The compassionate release policy statement, as amended in 2023, provides several potential reasons for release, including medical emergencies or the need to care for a parent.  U.S. SENT'G GUIDELINES MANUAL ("U.S.S.G") § 1B1.13(b) (U.S. SENT'G COMM'N 2023).  It also provides that a nonretroactive change in law may be considered an extraordinary and compelling reason for compassionate release when the original sentence is unusually long, the defendant has served at least ten years of the sentence, and other circumstances are met.  *United States v. Rutherford*, 120 F.4th 360, 367 (3d Cir. 2024) (quoting U.S.S.G. § 1B1.13(b)(6)).  Notwithstanding the revised policy statement, the Third Circuit has held that an explicitly nonretroactive change in law cannot be an extraordinary and compelling reason for compassionate release.  *Id.* at 376; *see also United States v. Berrios*, Crim. No. 07-454, 2025 WL 654160, at *3 (D.N.J. Feb. 28, 2025) (citing *Andrews*, 12 F.4th at 262).  Such a change

3

in law may be considered in connection with the need to avoid unwarranted sentencing disparities under § 3553(a), however. *Rutherford*, 120 F.4th at 377 & n.24.

### B. Right to Counsel

"A criminal defendant's constitutional right to appointed counsel generally 'extends to the first appeal as of right and no further.'" *United States v. Dorsey*, 520 F. Supp. 3d 681, 683 (E.D. Pa. 2021) (quoting *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). A compassionate release motion "'is not a do-over of an original sentencing … where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" *Id.* (quoting *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009)). Despite the lack of a mandated right to representation, district courts retain discretionary authority to appoint counsel under 28 U.S.C. § 1915(e)(1). *See Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997). "In determining whether to appoint counsel in compassionate release cases, courts must first determine whether the defendant's claim 'has some merit in fact and law.'" *United States v. Gonzalez*, Crim. No. 02-446-01, 2021 WL 1088258, at *4 (E.D. Pa. Mar. 22, 2021) (quoting *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)).[4]

### III.   DISCUSSION

#### A. Compassionate Release

##### i. Failure to Exhaust Administrative Appeal

As an initial matter, Defendant has failed to comply with the FSA's prerequisites for filing a compassionate release motion. Under the FSA, a defendant may move for compassionate release

---

[4] If the defendant's motion has some merit, the court should consider:

> (1) the defendant's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the defendant to pursue the investigation; (4) the defendant's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155–57).

after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Failure to do so presents a "glaring roadblock" to being granted compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Defendant does not state that he ever requested a sentence reduction from the Bureau of Prisons, so as a threshold matter, he has not exhausted his administrative remedies as required by § 3582(c)(1)(A). Accordingly, his motion cannot be granted.

### ii. Failure to Qualify Under U.S.S.G. 1B1.13(b)(6)

Even if Defendant had met the exhaustion requirement, he would not be eligible for compassionate release. His basis for release is the policy statement providing that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law … may be considered in determining whether the defendant presents an extraordinary and compelling reason" for release. U.S.S.G § 1B1.13(b)(6). This case did not begin until 2018 (D.E. 1), and Defendant was sentenced on February 19, 2019 (D.E. 26). He has not served the ten years required by the policy statement, so this Court cannot consider nonretroactive changes in the law as reasons supporting his compassionate release. *See* 88 Fed. Reg. at 28,259.

In any event, Defendant's asserted change in law is inapplicable to his situation. Defendant's motion rests upon *United States v. Nasir*, 17 F.4th 459, 462 (3d Cir. 2021), in which the Third Circuit decided that inchoate offenses like attempt or complicity do not count as controlled substance offenses under the career offender designation. Defendant argues that if his case were decided today, under *Nasir*, he would not have had sufficient offenses to be considered

5

a career offender, and his PSR would have suggested a sentence of seventy-two months, rather than a range of 151–188 months. (Mot. at 7–8.)

Defendant fails to recognize that his prior offenses, as listed in the PSR, are not inchoate offenses. In 2009, he was twice convicted of distributing narcotics within 1,000 feet of school property—convictions which, standing alone, qualify as predicate offenses under the career offender guidelines. PSR ¶¶ 65–67.[5] Furthermore, Defendant sustained additional convictions in 2011 and 2012 for possession with intent to distribute, manufacture, or dispense controlled substances, each of which also independently qualifies as a controlled substance offense. PSR ¶¶ 68–69. Because Defendant's career offender status was not based on inchoate offenses, *Nasir* is inapplicable to this matter.

Even if *Nasir* were a relevant change in law, it could not be considered here for two reasons. First, the Sentencing Commission guidelines have been amended since *Nasir* such that inchoate offenses are considered controlled substance offenses contributing to a career criminal status. *See* U.S.S.G. § 4B1.2(d). Second, the Third Circuit has held that, notwithstanding U.S.S.G § 1B1.13(b)(6), explicitly nonretroactive changes in law are not extraordinary and compelling reasons for compassionate release. *Rutherford*, 120 F.4th at 367 (finding that U.S.S.G § 1B1.13(b)(6) exceeds the bounds of the Sentencing Commission's authority and is against congressional intention as applied to explicitly nonretroactive changes in law); *United States v. Spriggs*, No. 22-3005, 2023 WL 1813498, at *2 (3d Cir. Feb. 8, 2023) (holding *Nasir*, as a nonretroactive change in law, is not an extraordinary or compelling reason for compassionate release); *Berrios*, 2025 WL 654160, at *3. Defendant argues that excluding changes in the law from consideration in compassionate release determinations violates the Supreme Court's decision

---

[5] U.S.S.G. § 4B1.1(a) (requiring two prior controlled substance felonies to impose career offender status).

6

in *Concepcion v. United States*, 597 U.S. 481 (2022), an argument the Third Circuit has previously rejected. *United States v. Stewart*, 86 F. 4th 532, 535 (3d Cir. 2023) (holding that *Concepcion* does not overturn Third Circuit precedent). For the reasons laid out above, no change in the law is a relevant consideration for Defendant's compassionate release, and he puts forth no other extraordinary or compelling reason for his release.

### iii.  18 U.S.C. § 3553(a) Factors Weigh Against Compassionate Release

Aside from extraordinary and compelling reasons justifying a reduced sentence, this Court must also consider factors outlined in § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public, and the need to avoid unwarranted sentencing disparities.

These factors weigh against granting compassionate release here. Defendant's crime was serious, and his history and characteristics weigh against reducing his sentence. Law enforcement determined that Defendant is a member of a drug trafficking organization ("DTO") that sold heroin, crack cocaine, and other narcotics for a sustained period dating to at least November 2016. PSR ¶¶ 11–12. Before his arrest, Defendant was routinely involved in the direct distribution of controlled substances, including heroin, as part of his affiliation with the DTO. PSR ¶ 19. Moreover, Defendant has five convictions related to controlled substances, each of which could qualify as a predicate offense under the Career Offender guidelines, exceeding the two that are required. PSR ¶ 74; U.S.S.G. § 4B1.1(a).

Defendant submits evidence of character growth and rehabilitation in the years since his conviction, but those efforts alone do not warrant a sentence reduction. In prison, Defendant has engaged in work assignments and participated in multiple educational programs. (Mot. at 12.) He

asserts that those efforts reflect his willingness to rehabilitate and his desire to serve as a positive influence in his community. (*Id.* at 12–13.) While this evidence of growth is commendable, the seriousness of the instant offense—particularly considering Defendant's significant criminal history—nevertheless outweighs it. This is not Defendant's first involvement in serious drug-related activity, and the gravity and persistence of his conduct remain central to the sentencing analysis.

Further, the needs for specific deterrence, to promote respect for the law, and to protect the public weigh heavily against Defendant's release, particularly considering the large amount of time remaining in his sentence. 18 U.S.C. § 3553(a)(2)(A)–(C). Courts are reluctant to grant compassionate release when a defendant has a significant portion of their sentence remaining, even when extraordinary and compelling reasons are present. *See, e.g.*, *United States v. Vaquiz*, 846 F. App'x 85, 85–86 (3d Cir. 2021); *United States v. Pawloski*, 967 F.3d 327, 331 (3d Cir. 2020). Here, Defendant's situation is even less compelling, as he has failed to identify any extraordinary and compelling reasons for release.

General deterrence must also be considered. 18 U.S.C. § 3553(a)(2)(B). Granting Defendant early release would send the wrong message that serious narcotics offenses may not result in significant incarceration, and that early release is possible even absent compelling justification. Such a precedent would undermine the deterrent effect of Defendant's sentence.

Finally, reducing Defendant's sentence would create unwarranted sentencing disparities between similarly situated defendants. 18 U.S.C. § 3553(a)(6). Defendant's 151-month sentence is already at the bottom of the applicable guidelines range, which appropriately reflects his criminal history and offense conduct. PSR ¶ 74. Deviating without a substantial reason would break from precedent, which weighs against release.

8

### B. Right to Counsel

There is no constitutional or statutory right to counsel for a motion for compassionate release, and this Court finds no legitimate reason why Defendant would require counsel in this matter. While this Court has discretionary authority to appoint counsel where a claim has "some merit in fact and law," *Gonzalez*, 2021 WL 1088258, at *4 (quoting *Tabron*, 6 F.3d at 155), this opinion has laid out several reasons why Defendant's motion lacks merit. Accordingly, this Court declines to appoint counsel.

### IV. CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release and appointment of counsel is **DENIED**. An appropriate order follows.

/s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:      Parties